————o————

## No. 4212.

(Court of Appeal, Parish of Orleans.)

### SUCCESSION OF JOSEPH O. GUSSMAN.

1. Where a title, when examined by a purchaser, is not good on the face of the public records, a refusal to accept it and a suit to recover the deposit are sufficient to put the vendor in default.
2. Under Art. 2047 R. C. C., it was competent for the district Judge to allow further time, after the putting in default, for the performance of the obligation and the perfecting of the title, but this means reasonable time.

Appeal from Civil District Court, Division "C."

F. Berhel, for Appellee.

Frank McGloin, for Appellant.

DUFOUR, J. On July 13th, 1905, certain real estate of this

succession was adjudicated to one Carrere.

Nothing having been done in the direction of a consummation of the sale, Carrere, on April 20th, 1906, took a rule for the return of the earnest money deposited by him, on the ground that, for certain enumerated reasons, the tile was not good and was suggestive of future litigation. The succession representative answered, alleging that the title was good and adding that the adjudicatee be compeleld to comply with his bid within a delay to be fixed by the Court. The rule was continued from time to time until June 1st, 1906, when trial was had and certain evidence was offered tending to remedy the defects in the title. It disclosed the facts, however, that one Mrs. Somers who had signed the deed was a married woman and that her husband had not signed the deed to authorize her. Counsel for Carrere asked leave to amend his rule so as to include the additional objection and the judge ruled as follows:

"You have no right to amend that *instanter;* you have to serve the papers. The substantial inquiry is: Had the party a good title at the time it was tendered, and I am going to allow them reasonable opportunity to prove that Mr. Somers authorized his wife, and if he did not do it, you have not got any title. I say that subject to a hearing on the other point that has been raised.

Nothing more appears to have been done by the succession representative until, on January 18th, 1906, Carrere presented a supplemental rule again demanding the return of his deposit. On February 8th, 1907, trial was had and proof of Somers authorization was presented.

In making the rule absolute the trial judge said:

"The title herein involved appears at this writing to be good and merchantable by reason of the proof herein administered and of subsequent ratifications, but, at the time the return of the deposit was demanded and the rule taken, it was not, in my opinion, such a title as a purchaser should have been compelled to take, or upon which he could have relied with safety. And, considering the time which elapsed after the adjudication and before the perfection of the title, it would be unreasonable at this date to compel acceptance of title."

Under Art. 2047 R. C. C., it was competent for the District judge to allow further time for the performance of the obligation, but this means reasonable time.

In Haywood vs. Campbell, not yet reported, the Supreme Court said:

"On advice of counsel, plaintiff declined to take title as she had a right to do. By declining she sufficiently placed the defendant in default.

"It is not necessary to do more than to decline to accept a title which was deficient. The purchaser had not consented to buy with any sort of assurance that, if the title was not good or complete, it would be made good and time would be granted to make it complete. . . . . . . Parties may be given time and opportunity to perform the contract."

The Court, in that case, allowed ten days to make and deliver title.

We agree with the lower Court that a delay of a year and a half in the perfecting of a title is unreasonable and that the adjudicatee cannot, under the circumstances o fthis case, be compelled to accept the property.

Judgment affirmed.